[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff brings this action in three counts. Count One is for breach of contract claiming that the defendants agreed to pay him not less than $100,000 from the year 1996 and thereafter. He claims that the defendant breached the agreement for the years 1996, 1997 and 1998 in that he was paid less than the agreed upon amount for each of those years. Count Two is a claim for breach of an agreement with the defendant to pay the plaintiff a fee as a consultant for Quality Crafted Homes. He claims he was not paid the full amount due to him. The third count is for breach of promise to pay the plaintiff company stock as part of his compensation. He claims that he was not given the shares he was promised.
The defendant denied the claims made in all counts that there was any agreement to pay the plaintiff the amounts claimed. They also filed a special defense alleging that Count Three is barred by Connecticut General Statutes § 52-550(a)(5), the statute of frauds. The defendants also filed a counterclaim for the return of two shares of stock. The plaintiff has denied the allegations of this counterclaim.
The court held a trial with testimony of the parties and numerous exhibits on August 30, 1999. Thereafter, the parties CT Page 15603 submitted post-trial briefs.
Regarding Count One, the court finds that the plaintiff failed to establish an oral agreement between the parties that he was to receive no less than $100,000 compensation for the years 1996, 1997 and 1998. He attempted to suggest that there was an implied contract because of the improved sales and revenues, but the court can find no actual agreement. During his testimony, the plaintiff made various references to discussions with one or the other of the defendants, but at no time was there a clear cut statement of an agreement to pay him not less than $100,000 per year. Defendant, Richard Wildermuth, testified that there was never an agreement such as claimed by the plaintiff. Furthermore, a review of all the surrounding circumstances fails to support the claim of an agreement between the parties as alleged in Count One.
The court reserved decision on the defendant's motion to dismiss Count Two. The motion to dismiss is denied, but the court finds in favor of the defendant based upon the evidence presented by both parties. Again, the plaintiff claims that there was an oral agreement to pay him one third, or one half, of the fee for the work done for Quality Crafted Homes. However, he failed to show an actual agreement as to how much he would be paid. The court cannot find written evidence that the plaintiff was to be paid one third of the fee. Again, the court considers all the circumstances and finds that there is no evidence that would entitle the plaintiff to a fee over and above what he was already paid.
Regarding Count Three, the defendant has not briefed his claim that this count is barred by the statute of frauds. Therefore, the court deems that claim is abandoned. However, as to this count, the plaintiff claims that there was an agreement that he would receive company stock as part of his compensation. He claims conversations with the defendants over a several year period as to the stock shares owed to him. The complaint fails to state any specific agreement as to the shares. In 1996, the plaintiff was given two shares and he claims he was told that by his fifth year of employment, he would be a 20 percent shareholder in Connecticut Valley Homes. However, he fails to allege or prove who made such a statement or any other details as to such an agreement. He claims the value of his stock is $10,000. There is no allegation that there is an agreement for the repurchase of this stock issued to the plaintiff, who admits that he agreed CT Page 15604 to sell back the stock at par value if he left the company. Thus, the plaintiff cannot recover on Count Three.
On the counterclaim, the court finds for the defendants on their counterclaim and rules that the shares belong to the defendants.
Judgment for the defendants on all three counts of the complaint and on the counterclaim.
D. Michael Hurley Judge Trial Referee